**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


STEFAN LAKOCINSKI,

      Plaintiff,

v.                                                      Case No. 8:06-cv-1884-T-30TGW

BOSTON WHALER, INC.,

      Defendant.

_____/

# O R D E R

This cause comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 22). For the following reasons, Defendant's Motion is **granted**.

On or about May 30, 2005, Plaintiff's company, DNA Marketing, Inc., ("DNA Marketing") purchased a 100 percent interest in a boat from Defendant. (Dkt. 9 at 10; Dkt. 22 at 2-3.) Due to various alleged defects in the boat, Plaintiff and DNA Marketing sued jointly for breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301-2312. (Dkt. 9 at 2-6.) The attorneys for both plaintiffs later withdrew (Dkt. 19, 21), and neither plaintiff retained substitute counsel. Defendant filed a Motion To Dismiss claims by DNA Marketing for failure to retain substitute counsel, together with the instant Motion for Summary Judgment against Plaintiff for lack of standing. (Dkt. 22.) The Motion to

Dismiss was granted. (Dkt. 23.) Although this Court ordered Plaintiff to show cause (Dkt. 25) for failure to respond to the Motion for Summary Judgment, Plaintiff has failed to timely show cause or respond. Defendant's Motion is therefore ripe for decision.

To establish standing, the party in whose name an action is brought must be the real party in interest. Fed. R. Civ. P. 17(a). Under the Magnuson-Moss Warranty Act, state law determines privity requirements for claims for breach of warranty and thus defines who may be a real party in interest in such claims. See Gill v. Blue Bird Body Co., 147 F. App'x 807 (11th Cir. 2005) (citing 15 U.S.C. § 2301(7)). Though apposite case law is scant, it appears that under Florida law, where goods are acquired solely in the name of a corporation, an officer of the corporation suing in his or her individual capacity is not a real party in interest in a claim for breach of warranty. See Weiss v. Johansen, 898 So.2d 1009, 1012 (Fla. 4th DCA 2005) (holding that owner of corporation lacked standing to sue for breach of implied warranty of merchantability where he did not acquire the subject boat in his individual capacity). The boat in this case was purchased by Plaintiff's corporation rather than by Plaintiff individually. (Dkt. 9 at 10; Dkt. 22 at 2-3.) Accordingly, Plaintiff is not a real party in interest in his claim for breach of warranty and thus lacks standing in this action.

Federal Rule of Civil Procedure 17(a) also provides, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . substitution of . . . the real party in interest." On June 12, 2007, Defendant filed a Motion To Dismiss claims by DNA Marketing due to its failure to obtain substitute counsel and a Motion for Summary Judgment challenging

Plaintiff's standing to sue in his individual capacity. (Dkt. 22.) On June 20, this Court granted the Motion to Dismiss and dismissed the claims by DNA Marketing. (Dkt. 23.) On July 11, this Court ordered Plaintiff to show cause (Dkt. 25) for his failure to respond to Defendant's Motion for Summary Judgment. Having received no timely showing of cause from Plaintiff, this Court finds that Plaintiff has been allowed a reasonable time to substitute the real party in interest following Defendant's objection to his standing and has failed to so substitute.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion for Summary Judgment (Dkt. 22) is GRANTED on the issue of lack of standing of the individual Plaintiff.

2.      This case is DISMISSED without prejudice.

3.      All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2006\06-cv-1884.msj 22.wpd